IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania  :
  :
       v.        :  No. 16 C.D. 2025
  :  Submitted: April 13, 2026
Shane G. Sperow,  :
  :
         Appellant  :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED: July 7, 2026

Shane G. Sperow (Appellant) appeals from an order of the Court of Common Pleas of Berks County (trial court ) entered on April 26, 2024.[1] The order granted, *inter alia*, the "Petition for Forfeiture and Destruction of Evidence" (petition for forfeiture and destruction or petition) filed by the Commonwealth of Pennsylvania (Commonwealth). For the reasons that follow, we affirm.

**Background**

In August of 2014, Appellant pled guilty to a charge of simple assault and received a two-year probationary term. While on probation, Appellant committed new violations, and on November 6, 2015, his probation officer conducted a search of Appellant's residence. During the search, the probation officer discovered firearms and contraband that were seized as evidence. Appellant was resentenced in February of 2016, to a period of not less than six months' nor

---

[1] The order was dated April 22, 2024.

more than 23 months' incarceration. That same day, Appellant entered a guilty plea to prohibited offensive weapons under Section 908(a) of the Pennsylvania Crimes Code, 18 Pa. C.S. §908(a). He was sentenced on that charge to two years of probation.

On September 14, 2016, Appellant filed a *pro se* motion for return of property. The trial court denied the motion, reasoning that a defendant must file such a motion

> "in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Commonwealth v. Allen*, 107 A.3d 709, 717 (Pa. 2014). "Failure to do so results in waiver of 'any entitlement to the return of property under [Pennsylvania Rule of Criminal Procedure 588.[2]] *Commonwealth v. LaBrake*, 134 A.3d 166, 170 (Pa. [Cmwlth.] 2016) (quoting *Allen*, 107 A.3d at 717). Here, [Appellant] failed to file his motion within [30] days of the disposition of his case, . . . [t]herefore, this Court no longer retains jurisdiction of this matter.

---

[2] Pennsylvania Rule of Criminal Procedure 588 is titled "Motion for Return of Property" and provides in pertinent part:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A), (B).

2

Trial Court Opinion, 11/21/2016, Reproduced Record (R.R.) at 60,[3] attached as Exhibit "A" to Trial Court's 7/17/2024 Opinion (quoting Trial Court Order dated 9/14/16).

Appellant filed a second motion for the return of property on April 29, 2022. In its answer, the Commonwealth asserted that Appellant was a person not to possess firearms as set forth in Section 6105 of the Crimes Code, 18 Pa. C.S. §6105, due to his February, 2016 conviction for prohibited offensive weapons. The Commonwealth further asserted that the "persons not to possess statute" provides a 60-day period from the date of disqualification for a defendant to transfer firearms to another person. Trial Court Opinion, 7/17/24 at 2, R.R. at 54 (citing Section 6105(a)(2)(i), 18 Pa. C.S. §6105(a)(2)(i)). The Commonwealth argued that because the grace period had lapsed, Appellant was statutorily barred from possessing or transferring firearms. The trial court agreed, noting:

> This court originally sentenced [Appellant] on August 13, 2014, and subsequently resentenced [Appellant] on February 8, 2016 for a parole violation. [Appellant] failed to file any motions for return of property within [30 days] of the disposition of this case, and therefore, this Court no longer retains jurisdiction in this matter.

*Id.* at 2-3, R.R. at 54-55 (quoting Trial Court Order 7/6/2022, attached as Exhibit "C" to Trial Court's 7/17/2024 Opinion).

Appellant filed a third motion for return of property on November 6, 2023. Citing the coordinate jurisdiction rule, the trial court entered an order on January 9, 2024, denying Appellant's motion because the issue had been previously decided.

---

[3] We note that the Reproduced Record is not properly numbered as directed in Pa.R.A.P. 2173 (reproduced record shall be numbered separately in Arabic figures followed by a small "a"). We will nevertheless refer to the page numbers as they have been set forth by Appellant.

On February 9, 2024, the Commonwealth filed the petition for forfeiture and destruction, requesting that the trial court "issue an [o]rder that the firearms and other items in Exhibit 'A' may be removed from the custody of Adult Probation and Parole and be destroyed." Petition for Forfeiture and Destruction, Wherefore Clause, R.R. at 9. Appellant responded with an answer, new matter, and counterclaims.

Appellant's new matter acknowledged that he is a prohibited person and cannot possess firearms but that he was "prepared to designate a Federal Firearms Licensee (FFL) to receive the firearms. The FFL will not return firearms to [Appellant], but will either sell the firearms or lawfully transfer them to a third party that does not reside with [Appellant]." Appellant's New Matter, ¶6, R.R. at 22. In turn, Appellant's counterclaims sought return of his property and firearms, asking that all property at issue and firearms should be returned to Appellant or his designee. Appellant's Counterclaims, Wherefore Clauses, R.R. at 25, 27.

The Commonwealth responded:

> The [Appellant] in his latest pleading seeks the return of property, citing caselaw [sic] and arguing at length under civil forfeiture law. The Commonwealth declines to respond directly to the arguments made in the context of civil forfeiture, because the Commonwealth has no objection to the return of all of [Appellant's] property in total, except for property the [Appellant] is barred from owning, possessing, selling, or transferring under criminal law.

Commonwealth's Answer to Appellant's Counter Claims, R.R. at 33. Stated another way, the Commonwealth did not object to the return of property, except for items Appellant was barred from possessing under Section 6105 of the Crimes Code, 18 Pa. C.S. §6105.

4

Following argument held on April 10, 2024, the trial court entered the April 26, 2024 order dismissing Appellant's new matter and counterclaims, denying Appellant's motion for judgment on the pleadings and granting the Commonwealth's petition for forfeiture and destruction as to firearms, silencers and brass knuckles, while directing the return of the remaining property. Appellant then filed a notice of appeal to this Court.[4]

## Arguments

In his appeal to this Court,[5] Appellant raises three principal claims of error. First, he contends that the trial court erred in denying his request for the return of property and in granting the Commonwealth's petition for forfeiture and destruction. Appellant argues that Commonwealth did not follow the Forfeiture Act[6] because the matter was not brought as an *in rem* proceeding; the Commonwealth never identified a basis for forfeiture; and the trial court did not hold a trial. *See* Sections 5805(a), 5803 and 5805(i) of the Forfeiture Act, 42 Pa. C.S. §§5805(a), 5803 and 5805(i). Appellant further asserts that the Commonwealth failed to deny any of his counterclaims as required under Pa.R.Civ.P. 1029 and that they should be deemed admitted by operation of law. Finally, Appellant argues that the petition for

---

[4] It appears that the trial court's Prothonotary mistakenly sent the notice of appeal to Superior Court. The case was eventually transferred to this Court by order dated December 2, 2024.

[5] In a forfeiture proceeding, our review is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive*, 104 A.3d 411, 420 (Pa. 2014). When an issue hinges on a question of law, our review is plenary. *Id.*

[6] 42 Pa. C.S. §5801-5808.

forfeiture and destruction was filed beyond the two-year statute of limitations. *See Commonwealth v. Allen*, 59 A.3d 677, 680 (Pa. Cmwlth. 2012), *aff'd but criticized*, 107 A.3d 709 (Pa. 2014) (acknowledging that under Section 5524(5) of the Judicial Code, 42 Pa. C.S. §5524(5), there is a two-year statute of limitations for commencement of an "action upon a statute for civil penalty or forfeiture"). Here, Appellant notes, the property was seized in 2015; thus, the statute of limitations has "long since passed." Appellant's Brief at 8.[7]

In response, the Commonwealth first asserts that Appellant has waived all issues on appeal by failing to provide a transcript of the trial court's April 10, 2024 proceedings. The Commonwealth argues that under Pennsylvania Rule of Appellate Procedure 1911, Pa. R.A.P. 1911,[8] an appellant bears the burden to ensure a complete record for appellate review, and that the failure to supply an essential transcript results in waiver. *See Commonwealth v. Peifer*, 730 A.2d 489, 492 n.3 (Pa. Super. 1999) (noting that the absence of a transcript precludes meaningful appellate review and therefore compels waiver).[9] Because the transcript is absent in this case, the Commonwealth asserts that this Court will be unable to determine what

---

[7] To the extent that Appellant also contends that the trial court erred in denying his motion for reconsideration, we will not consider this argument. Trial court orders denying reconsideration are not appealable. *City of Philadelphia v. Rivera*, 171 A.3d 1, 10 n.12 (Pa. Cmwlth. 2017).

[8] Pa.R.A.P. 1911(a) provides in pertinent part:

> (a) General rule. The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration.

[9] Superior Court decisions are not binding on this Court but may be cited for their persuasive value. *Vasquez v. Berks County*, 279 A. 3d 59, 90 n. 23 (Pa. Cmwlth. 2022).

evidence or argument the trial court considered, resulting in our inability to perform meaningful appellate review.

In the alternative, the Commonwealth contends that even if Appellant preserved his issues on appeal, the trial court properly exercised its discretion in denying Appellant's request for return of property and in authorizing the destruction of the firearms, silencers, and brass knuckles seized during the probation officer's search. The Commonwealth emphasizes that Appellant is statutorily prohibited from possessing, selling, controlling or transferring firearms under 18 Pa. C.S. §6105.[10] Indeed, Appellant's conviction for prohibited offensive weapons under 18 Pa. C.S. §908 clearly qualifies as a disabling offense under 18 Pa. C.S. §6105(b).[11] Furthermore, Appellant's underlying simple assault conviction constitutes a misdemeanor crime of domestic violence, further prohibiting firearm possession

---

[10] This Section of the Crimes Code is titled "Persons not to possess, use, manufacture, control or sell or transfer firearms[.]" Section 6105 provides in pertinent part:

(a) Offense defined.--

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) [listing additional individuals subject to the prohibition] shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa. C.S. §6105(a)(1).

[11] Included in Section 6105(b)'s list of enumerated offenses that prohibit possession of a firearm is "[18 Pa.C.S.] Section 908 (relating to prohibited offensive weapons)." 18 Pa. C.S. §6105(b).

under 18 Pa. C.S. §6105(c)(9) and 18 U.S.C. §922(g)(9).[12] Lastly, the Commonwealth notes, Appellant himself acknowledged that he is not legally permitted to possess the weapons at issue.

As for Appellant's repeated motions for return of property, the Commonwealth emphasizes that while Pa.R.Crim.P. 588(A) permits an aggrieved defendant to move for the return of property unlawfully seized, subsection (B) of the Rule permits the trial court to forfeit such property if it constitutes contraband. Citing our Supreme Court's decision in *Allen*, 107 A.3d at 717, the Commonwealth stresses that a motion for return of property must be filed within 30 days after disposition of the case, while the trial court still retains jurisdiction. The failure to file a timely motion for the return of property results in the waiver of any entitlement to return. *Labrake*, 134 A.3d at 170.

In this case, Appellant previously filed three separate motions for return of property, all of which were denied. Appellant was originally sentenced for simple assault on August 13, 2014, and was resentenced on February 9, 2016, after violating the terms of his probation. Nevertheless, his first motion for return of property was not filed until September 14, 2016; thus, it was clearly untimely under applicable precedent, as were Appellant's subsequent motions.

To the extent Appellant attempted to repurpose the Commonwealth's petition for forfeiture and destruction into a vehicle for a fourth request for return of property, the Commonwealth asserts that the trial court correctly declined to

---

[12] Section 6105(c)(9) of the Crimes Code states that "[i]n addition to any person who has been convicted of any offense listed in subsection (b), the following persons shall be subject to the prohibition of subsection (a): . . . (9) A person who is prohibited from possessing or acquiring a firearm under 18 U.S.C. §922(g)(9)." 18 Pa. C.S. §6105(c)(9). Section 922(g)(9) of the Gun Control Act of 1968, 18 U.S.C. §922(g)(9), makes it unlawful for any person "who has been convicted in any court of a misdemeanor of domestic violence" to "ship or transport in interstate or foreign commerce or possess in or affecting commerce, any firearm or ammunition . . . ." *Id.*

8

entertain Appellant's renewed attempt. The Commonwealth clarifies that its petition was titled as a "petition for forfeiture and destruction" but in reality, it only sought destruction. The Commonwealth emphasizes that nothing in the petition or the Commonwealth's subsequent answer to Appellant's counterclaims suggested it was seeking to forfeit the property in question for the Commonwealth's use. Appellant's counterclaim in response to the petition was simply another attempt to revive his previously rejected requests. Significantly, the Commonwealth points out that it did not object to returning property that Appellant was lawfully entitled to possess and the trial court ordered that the remaining property be returned to Appellant. *See* Commonwealth's Answer to Appellant's Counterclaims, R.R. at 33; Trial Court Order, 7/22/2024, R.R. at 45. Thus, "the original destruction request was mitigated in [Appellant's] favor." Commonwealth's Brief at 11. Accordingly, because the trial court's order was reasonable and fully supported by the record, the Commonwealth asks that it be affirmed.

## Discussion

At the outset, we will address the Commonwealth's assertion that Appellant has waived his issues by failing to provide a transcript from the April 10, 2024 trial court proceedings. We decline to find waiver in this case. The core issues presented in the case *sub judice*, *i.e.*, whether the Commonwealth properly invoked the Forfeiture Act and whether the trial court properly ordered destruction under Pa.R.Crim.P. 588 given Appellant's firearm's disability, are primarily legal and turn on the content of the filings and the statutory prohibitions. Resolution of these issues does not depend on evidentiary nuances from the trial court's April 20, 2024

9

proceedings.[13] The record before us is sufficient for us to carry out appellate review of the legal issues involved.

Turning to Appellant's argument that the Commonwealth failed to follow the provisions of the Forfeiture Act, we believe the argument misses the mark. Based on our review of the record, particularly the Commonwealth's petition for forfeiture and destruction, it is apparent that the petition's focus was on the destruction of firearms, silencers, and brass knuckles that Appellant, by his own admission, was statutorily barred from possessing based on his prior convictions. Given Appellant's undisputed disabilities, the trial court, as it is permitted to do, concluded that the listed items were contraband as to Appellant and ordered their destruction under Pa.R.Crim.P. 588(B). Under the circumstances, we do not believe that the Commonwealth was required to invoke the procedures set forth in the Forfeiture Act when it was seeking to destroy contraband under Pa.R.Crim.P. 588.[14]

## Conclusion

Based on the foregoing, we conclude that the trial court's April 26, 2024 order was not issued in error, and the order is therefore affirmed.

MICHAEL H. WOJCIK, Judge

---

[13] By all accounts, it appears that the proceeding was an oral argument—meaning no evidence was presented anyway.

[14] We note as well that Appellant is not aggrieved with respect to the non-contraband items. The trial court expressly ordered that all property other than firearms, silencers, and brass knuckles be returned to him, consistent with the Commonwealth's representation that it did not oppose their return. Thus, Appellant ultimately received all items he was legally permitted to possess, and no adverse ruling was entered as to that property.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
                         :
              v.            : No. 16 C.D. 2025
                         :
Shane G. Sperow,        :
                         :
           Appellant   :

## **O R D E R**

AND NOW, this 7th day of July, 2026, the April 26, 2024 order of the Court of Common Pleas of Berks County is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge